NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PREFERRED REAL ESTATE INVESTMENTS, LLC, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 2:07-CV-05374 (DMC) |
| LUCENT TECHNOLOGIES, INC. and LTI NJ FINANCE LLC, |  |
| Defendants. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiff Preferred Real Estate Investments, LLC's ("Plaintiff") motion for writ of prejudgment attachment pursuant to Fed. R. Civ. P. 64. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's motion for writ of prejudgment attachment is **granted**.

I.    BACKGROUND

LTI NJ Finance LLC ("LTI") owns an industrial complex of over 450 acres located at 101 Crawfords Center Road, Holmdel, New Jersey ("Property"). The Property was leased on a long-term basis to Defendant Lucent Technologies, Inc. ("Lucent"). In early 2006, Lucent entered into negotiations with Plaintiff for the sale of the Property. A Purchase and Sale Agreement ("Agreement") was reached on March 22, 2006 with Plaintiff agreeing to purchase the property for the sum of $72

million. Under the Agreement, Plaintiff was required to make an initial deposit of $1.5 million to be held in escrow, and thereafter three separate progress payments totaling $3.5 million. The Agreement also required Lucent to supply Plaintiff with certain estoppel certificates from the tenants remaining on the Property, such as Tyco Telecommunications (US) Inc., on or before the scheduled closing of the transaction. On March 20, 2007 Plaintiff and Lucent agreed on the Fifteenth Amendment to the Agreement, which states that the purchase price would be reduced to $48 million, and that as a condition precedent, Lucent was required to obtain and deliver the estoppel certificates to Plaintiff. As such, failure by Lucent to provide Plaintiff with the estoppel certificates on or before the closing date would give Plaintiff the right to terminate the Agreement. The parties also agreed on a closing date of September 14, 2007, later extended to September 26, 2007.

On September 26, 2007, Plaintiff advised Lucent that it was unable to complete the closing due to an inability to obtain adequate financing. Lucent agreed to extend the closing date to October 26, 2007 in exchange for a payment of no less than $200,000. On or before October 26, 2007, Lucent failed to obtain and deliver the estoppel certificates to Plaintiff. On November 5, 2007 Plaintiff exercised its right to terminate the Agreement and demanded a refund of the deposit and progress payments, totaling $5 million. Lucent rejected the termination of the Agreement and refused to refund the $5 million, and this suit resulted.

## II.     STANDARD OF REVIEW

N.J. Ct. R. 4:60-5(a), applicable pursuant to Fed. R. Civ. P. 64, permits a writ of attachment to be issued based on a finding that: (1) there is a probability that final judgment will be rendered in favor of the plaintiff; (2) there are statutory grounds for issuance of the writ; and (3) there is a real or personal property of the defendant at a specific location within this State which is subject to the attachment.

Empresas Lourdes, S.A. v. Kupperman, 2007 U.S. Dist. LEXIS 70910 (Sep. 24, 2007).

### III.  DISCUSSION

In Empresas Lourdes, this Court issued writs of attachment based on the finding that the plaintiff made out a prima facie case in connection with its application for a writ of attachment, and thus satisfied the first element required for issuance of a writ of attachment (Pl's Reply p. 5). Empresas Lourdes clarified that making out a prima facie case is enough to satisfy the first element, rather than "more than a mere demonstration of a prima facie cause of action," as Lucent and LTI claim (Def's Br. p. 13).

Here, Plaintiff has made out a prima facie case for unjust enrichment. In New Jersey, a claim for unjust enrichment requires (1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable. Wanaque Borough Sewerage Auth. v. Twp. of W. Milford, 144 N.J. 564 (1996). Plaintiff here conferred $5 million in a deposit and progress payments to Lucent. Following Lucent's failure to provide Plaintiff with the estoppel certificates, Plaintiff properly exercised its right to terminate the Agreement. Upon this termination, neither party had any further rights or obligations under the Agreement. The first prong is satisfied by Lucent's decision to retain the $5 million conferred upon it by Plaintiff. Retention of this $5 million is inequitable in light of the fact that the contract is now non-existent. Lucent has failed to provide anything of value to Plaintiff in exchange, and by withholding the $5 million, Lucent stands to reap a windfall (Pl's Br. p. 7).

Statutory grounds are also present for issuance of the writ. Plaintiff seeks a writ of attachment under N.J.S.A. § 2A:26-2(e). Under this statute, in order to attach the property of a defendant, the

defendant must be a corporation created by the laws of another state. N.J.S.A. § 2A:26-2(e). The other state must also authorize attachments against New Jersey corporations that are authorized to do business in that state. Id. While Lucent is a Delaware corporation, LTI, the owner of the Property, is only a limited liability company. As Plaintiff points out, a strict reading of the statute would allow business entities to shield themselves from attachment by simply transferring assets to a non-incorporated third-party (Pl's Reply p. 10). Thus, a more liberal reading of the statute that includes limited liability companies is appropriate. Additionally, Delaware does have a reciprocal statute that allows for attachment against any corporation not created by or existing under the laws of the state of Delaware. 10 Del C. § 3507. Therefore statutory grounds are present for issuance of the writ.

Real property does exist at a specific location in New Jersey which can be subject to the attachment. LTI owns, and Lucent leases the industrial complex at 101 Crawfords Center Road in Holmdel, New Jersey; thus, the third prong is satisfied.

## IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion for writ of prejudgment attachment pursuant to Fed. R. Civ. P. 64 is **granted**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        June  11 , 2008
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File